IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARITO CARDOSO-SACRAMENTO, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 26-3466 |
| | : | |
| J.L. JAMISON, *et al.*, | : | |
| Respondents. | : | |

## O R D E R

On May 22, 2026, I granted Petitioner Margarito Cardoso-Sacramento's Habeas Petition and ordered Respondents to afford him a bond hearing in accordance with 8 U.S.C. 1226(a). (Doc. No. 5.) I will order Respondents to provide Petitioner a new bond hearing that comports with due process.

### I.      LEGAL STANDARDS

Although challenges to the Immigration Judge's discretionary determinations must be presented to the BIA for review in the first instance, I have jurisdiction to determine whether Petitioner's bond hearing complied with my Order or was "fundamentally unfair." Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); Gibbs v. Frank, 500 F.3d 202, 205 (3d Cir. 2007) (courts have "continuing jurisdiction to address alleged noncompliance with [a] conditional writ of habeas corpus").

To comport with due process, a Petitioner "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." Ghanem, 2022 WL 574624 at *2. A petitioner establishes a "due process claim by showing that the infraction has 'the *potential* for affecting the outcome'" of the proceedings. Serrano-Alberto v. Att'y Gen., 859 F.3d 208, 213 (3d Cir. 2017) (quoting Shahandeh-Pey v. INS,

1

831 F.2d 1384, 1389 (7th Cir. 1987)).

## II.    DISCUSSION

Petitioner's bond hearing took place on May 28, 2026.  (Doc. No. 6-8 ¶ 5.)   The Immigration Judge denied bond, finding that Petitioner was a flight risk.  (Doc. No. 6-7 at 10.) The IJ reasoned that Petitioner's application for immigration relief—based in major part on hardship to his 12-year-old American citizen daughter—was unlikely to succeed because "the hardships as they were identified" would not amount to the "level of hardship needed to establish eligibility for cancellation [of] removal."  (Id.)  Yet, Petitioner's Counsel explained that he was unable to "obtain additional information, admittedly the robust details that will be required for" removal relief because he was unable to meet with his client before the hearing.  (Id. at 7 ("[W]e had attempted to visit the client three successive days just immediately after he was detained over the weekend in FDC Philadelphia. . . . and then he was transferred to Moshannon and processed yesterday and simply did not allow us to schedule a call [before the hearing].").  Although Counsel explained that both Petitioner and his adult stepson were present at the hearing to testify and "confirm any of the information . . . as well [as] elaborate" on the bases for removal relief, the IJ did not allow either to testify.  (Id.)

In these circumstances, Petitioner was not afforded a reasonable opportunity to present evidence on his own behalf.  See Magatte v. Lowe, No. 26-597, 2026 WL 1454116 at *3 (W.D. Pa. May 22, 2026) (IJ's refusal to hear testimony from Petitioner's wife "failed to provide [Petitioner] with a full and fair bond hearing" and "this action substantially prejudiced" the petitioner); Jaimez-Perez v. Attorney General of U.S., 563 Fed. App'x 136, 139 (3d Cir. 2014) ("[T]he IJ's refusal to allow [Petitioner] to present additional evidence . . . constituted a due process violation.").  That Petitioner was thus unable to develop or present additional evidence had "the

2

potential for affecting the outcome of" his bond hearing. <u>Serrano-Alberto</u>, 859 F.3d at 213; <u>see</u> <u>Cano-Merida v. INS</u>, 311 F.3d 960, 965 (9th Cir. 2002) (petitioner was prejudiced when he was denied the opportunity to present oral testimony). Moreover, the IJ did not identify any other factors or evidence he considered in denying bond, and did not discuss any alternatives to detention. (<u>See</u> Doc. No. 6-7 at 10–11); <u>Matter of Guerra</u>, 24 I&N Dec. 37, 40 (BIA 2020) (listing nine factors guiding bond determinations).

Accordingly, I will order Respondents to provide Petitioner with a new bond hearing at which the IJ must cure the defects I have discussed here. If the IJ or Respondents fail to comply with this Order, I will be compelled to order Petitioner's immediate release. <u>See</u> <u>Zheng v. Rokosky</u>, No. 26-1689, 2026 WL 800203 at *8 (D.N.J. March 23, 2026) (ordering immediate release after Respondents "violated Petitioner's due process rights twice").

*          *          *

**AND NOW**, this 15th day of June, 2026, upon consideration of Petitioner's Motion to Enforce (Doc. No. 6), The Government's Response (Doc. No. 8), and Petitioner's Reply (Doc. No. 9),  it is hereby **ORDERED** that the Motion is **GRANTED IN PART** as follows:

1. Respondents **SHALL** provide Petitioner with a bond hearing before an Immigration Judge that comports with due process **<u>no later than</u> June 29, 2026.**

2. Should the IJ deny bond, Respondents **shall provide** Cardoso-Sacramento with the opportunity to appeal to the Board of Immigration Appeals.

3. If the IJ or Respondents fail to comply with this Order, I will be compelled to Order Petitioner's immediate release.

<b>AND IT IS SO ORDERED.</b>

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.